IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS


MARCO CONLEY,

                      Plaintiff,

vs.                                          No. 06-4017-SAC

BRUCE DICKSON IV, and FRANK PASE, as
an agent and employee of Topeka, Kansas and
as an individual, and THE CITY OF TOPEKA,
KANSAS.
                      Defendant.


MEMORANDUM AND ORDER

        This case comes before the court on plaintiff's motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Defendant Bruce Dickson IV has no objection to the motion, but defendant City of Topeka objects to the motion and defendant Frank Pase joins in that objection.

        Rule 41(a)(2) controls voluntary dismissals after the opposing party files an answer or motion for summary judgment. Under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. " Thus, a dismissal without prejudice under Rule 41(a)(2) depends on the district court's discretion.

*American Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). "[C]ourts generally allow dismissal without prejudice unless the defendant will suffer some plain legal prejudice." *Wimber By and Through Wimber v. Department of Social and Rehabilitation Services*, 156 F.R.D. 259, 261 (D. Kan. 1994); *see Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993) (Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." (quotation omitted)). Neither the mere prospect of a second lawsuit against the defendant nor a tactical advantage to the plaintiff amounts to legal prejudice. *American Nat. Bank*, 931 F.2d at 1412.

Rule 41(a)(2) also gives a court the discretion "to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.' " *American Nat. Bank*, 931 F.2d at 1412. "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Id.* "The district court should impose only those conditions which actually will alleviate harm to the defendant." *Id.*; *see Nunez v. IBP, Inc.*, 163 F.R.D. at 359. Terms and conditions typically should include at least the payment of taxable costs, but they also may include the payment of some or all of the other expenses and/or attorneys' fees or a requirement on the use of discovery or about the refiling of certain claims.

*See* 9 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2366, pp. 305-314 (1995). *Gonzales v. City of Topeka Kansas*, 206 F.R.D. 280, 282, 283 (D. Kan. 2001).

   The court is familiar with the posture of the case, is aware that defendants have recently filed motions to dismiss or for summary judgment, and recalls its grant of summary judgment in the companion case of *Rhoten v.Dickson et al.*, 04-4160. Given all the circumstances, the court finds that justice is best served by granting plaintiff's motion for voluntary dismissal, with conditions.

   The court shall thus dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), subject to the following conditions[1] should plaintiff refile his complaint: (1) discovery conducted in this case shall be used in the refiled case; (2) at the time of refiling, plaintiff shall provide defendant with any discovery responses and/or documents currently outstanding in this case; (3) plaintiff shall promptly comply with all discovery requirements in the refiled case; (4) plaintiff will reimburse defendant for the court costs of this action; and (5) plaintiff shall timely pay the fees defendant incurred in filing the motion to dismiss in this case as well as any other fees and/or expenses defendant shows to be duplicative, the

---

[1] The court declines to impose the condition that any refiled case be filed in or removed to this court if it contains a § 1983 claim.

amount of such fees and expenses to be determined by the court at the time plaintiff refiles his claims. Should plaintiff decide to refile this case and fail to meet any of the conditions set forth above, the court shall, upon defendant's motion, convert this dismissal into a dismissal with prejudice.  The court will retain jurisdiction over this matter to entertain a motion by defendant for fees and/or to convert such a dismissal.

Additionally, the court notes its willingness to entertain at an appropriate time a motion for defendants' attorney's fees incurred in defending this case, regardless of whether or not the case is refiled, and retains jurisdiction over this matter to entertain such motions.

IT IS THEREFORE ORDERED that plaintiff's motion for voluntary dismissal (Dk. 29) is granted and this case is dismissed without prejudice based upon the conditions set forth above.

IT IS FURTHER ORDERED that all other pending motions are moot.

Dated this 7th day of November, 2006, Topeka, Kansas.

> s/ Sam A. Crow
> Sam A. Crow, U.S. District Senior Judge