IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

MARCO CONLEY,

                Plaintiff,

vs.                                 No. 06-4017-SAC

BRUCE DICKSON IV, and FRANK PASE, as
an agent and employee of Topeka, Kansas and
as an individual, and THE CITY OF TOPEKA,
KANSAS.
                Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on motions for attorneys' fees filed by defendants City of Topeka and Bruce Dickson. Plaintiff opposes the motions. The court previously ordered the parties to confer regarding this issue, and they have done so to no avail.

The background of this matter will not be set forth in detail. Suffice it to say that after this court granted summary judgment in a companion case in favor of these same defendants on Section 1983 claims and dismissed the state law claims without prejudice, the parties in this

case, which raised similar Section 1983 claims, agreed that it should also be dismissed. Approximately six weeks after the court issued its dispositive decision in the companion case, plaintiff filed a motion to dismiss this case without prejudice. Because the parties disagreed whether the dismissal should be with or without prejudice, the court resolved the issue by dismissing the case without prejudice but imposed certain conditions, most of which were invited by defendant. Those conditions included matters regarding discovery and a requirement that plaintiff "timely pay the fees defendant incurred in filing the motion to dismiss in this case as well as any other fees and/or expenses defendant shows to be duplicative..." in the event plaintiff refiled the case in state court.

   The court's authority to impose conditions is clear. "Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.' " *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991) (quoting rule). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir.1996) (quotation omitted). The conditions imposed

in the present case are not unusual. *See e.g., Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005). When considering a motion to dismiss, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993). *Id.* (quotations and alterations omitted); *see also Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

Prejudice does not arise simply because a second action has been or may be filed against the defendant. *American Nat. Bank and Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). Rather, prejudice is a function of other, practical factors including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. *Id.* And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *County of Santa Fe*

*v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir.2002) (quotation omitted).

Plaintiff has now refiled the state law claims which this court previously dismissed, giving rise to defendant's present motion for the fees which this court imposed as a condition of dismissal. In response to defendant's motion for fees, plaintiff does not challenge the fact that fees are owed. Rather, plaintiff first contends that the amount of fees sought by counsel for the defendants is unreasonable. Plaintiff makes a conclusory allegation that the fees are "exorbitant," but lodges no specific challenge to the hourly rates charged[1] or to particular amounts of time spent.

Plaintiff additionally alleges that plaintiff is impoverished and has not been found to have acted with vexatious intent or an attempt to gain tactical advantage by dismissing the federal case. Plaintiff relies on *Sewell v. Wal-Mart Stores, Inc.*, 137 F.R.D. 28, 29 (D.Kan.1991), but the court finds that case distinguishable. Unlike in this case, in *Sewell*, the "... defendant did not seek an award of costs or to impose any other conditions on plaintiff's dismissal under Rule 41(a)(2) of the Federal Rules of Civil

---

[1]Hourly fees are requested at the following rates: by City of Topeka, attorneys - $125 and 110, paralegal - $55; by Bruce Dickson IV, attorney - $130.

Procedure at the time of the first dismissal." *Sewell* thus examined the court's exercise of discretion under Rule 41(d), which is inapplicable here.

Defendants have properly supported their fee motions by affidavits and copies of itemized, detailed and contemporaneously recorded time sheets, sufficient to withstand plaintiff's vague challenge to the amounts. The court finds the hourly rates to be reasonable for attorneys who practice in this geographic area, and sees no red flags regarding the time recorded per task or in the aggregate.

This court ordered the payment of fees incurred in filing the motion to dismiss because the work related to that motion was work which clearly would not be useful if the case were refiled in state court. From the exhibits attached to the motions, the court determines that the City of Topeka has incurred fees in the maximum amount of $550 directly associated with the motion to dismiss. Similarly, defendant Bruce Dickson IV has incurred fees in the amount of $403 directly associated with the motion to dismiss. Plaintiff shall pay these amounts in full.

This court additionally ordered payment of "any other fees and/or expenses defendant shows to be duplicative." The court's intent was not to compensate defendants for their work in the federal case which could

5

also be made useful in the state case, but to compensate them for work which was unavoidably duplicative.  Thus this condition was imposed to avoid redundancy of effort should the case be refiled. Defendant City of Topeka seeks "other fees" associated with the following work in federal court:  initial drafting and review of answers, preparation of a case management plan, filing a motion for protective order, participating in settlement discussions, making and receiving Rule 26 disclosures, engaging in client communications, and filing a summary judgment motion. Defendant Bruce Dickson IV's claim for "other fees" is based upon work substantially similar to that asserted by the City of Topeka.

      Defendants do not, however, convince the court that their work in federal court on the above matters will not be useful in state court. Instead, it appears that a majority of defendants' work for the federal case could be used in the state court case with only minor revisions, editing, or stylistic changes.  Fees for work generated in the federal case which can be adapted to use in the state court case should not be awarded.  Because the court is unable to tell from the time sheets exactly which pleadings, time, and other events recorded will be directly useful in state court, and to what extent, the court shall make a pro rata reduction in the fees sought. *Cf.*

*Hensley v. Eckerhart*, 461 U.S. 424, 436-37(1983) (42 U.S.C. §1988 case holding that trial courts have discretion to reduce fee pro rata); *Cmty. Heating & Plumbing Co. v. Garrett*, 2 F.3d 1143, 1146 (Fed. Cir.1993) (EAJA case finding 30% reduction in fee award appropriate). Based upon its conviction that more than half of the work for which fees are requested remains useful in the state case, the court finds that substantial justice compels a reduction of 60% in the "other fees" sought by defendants.

In accordance with the rationale above, the court calculates the amount of recoverable fees as follows:

**City of Topeka**
```
   $3,397.00  Total fees sought
  - $550.00  Fees for motion to dismiss awarded by court
   $2,847.00  Total "other fees" sought
   X     .40  60% reduction in "other fees"
    1,138.80  "Other fees" awarded by court
  + $550.00   Fees for motion to dismiss
   $1,688.80  Total fees awarded by court
```

**Bruce Dickson IV**
```
   $2,028.00  Total fees sought
  - $403.00  Fees for motion to dismiss awarded by court
   $1,625.00  Total "other fees" sought
   X     .40  60% reduction in "other fees"
      650.00  "Other fees" awarded by court
  + $403.00   Fees for motion to dismiss
   $1,053.00  Total fees awarded by court
```

The amount of fees awarded by the court shall be paid within 30

days of this order unless the parties agree otherwise.

The court notes plaintiff's continued request for an evidentiary hearing, and again denies it as unnecessary.

IT IS THEREFORE ORDERED that defendant City of Topeka's motion for attorneys' fees (Dk. 49), and defendant Bruce Dickson IV's motion for attorneys' fees (Dk. 56) are granted in part and denied in part, in accordance with the terms of this memorandum and order.

Dated this 20th day of June, 2007, Topeka, Kansas.

                s/ Sam A. Crow
                Sam A. Crow, U.S. District Senior Judge